UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. H. N. (A No. 039-143-656),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-07199 DC CKD P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Petitioner,[1] detained by the Immigration and Customs Enforcement Agency (ICE) at the Golden State Annex ICE Detention Facility, proceeds with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[2] Petitioner also filed motions to proceed in forma pauperis and for appointment of counsel. The application to proceed in forma pauperis makes the required showing and is granted. <u>See</u> 28 U.S.C. § 1915(a). For the following reasons, the Court recommends that the petition be DENIED.

////

---

[1] Pursuant to his request, Petitioner's initials will be used in this proceeding instead of his full legal name. ECF No. 1 at 2.

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. Background

Petitioner is a native and citizen of Cuba. ECF No. 1 at 4; 8 at 5. He was granted Legal Permanent Resident (LPR) status prior to departing the United States on an unknown date. ECF No. 8 at 5.

On January 22, 2009, Petitioner entered a plea of guilty to a charge of cocaine possession in the Florida Circuit Court in and for Miami-Dade County. ECF No. 8 at 5, 13.

On April 29, 2014, Petitioner entered a plea of guilty to a charge of retail theft under 720 ILL. COMP. STAT. 5/16-25(a)(1). ECF No. 8 at 5, 12.

On March 1, 2026, Petitioner arrived at the Miami International Airport on a flight from Havana, Cuba. ECF No. 8 at 5. Petitioner was inspected and detained by ICE at the airport and placed into removal proceedings. ECF No. 1 at 5; 8 at 5–6.

Online Executive Office of Immigration Review (EOIR) records reveal that Petitioner is scheduled for an individual hearing before an immigration judge on December 17, 2026.

Petitioner argues that he should be released pending his individual hearing due to the length of his detention without a custody or bond determination by an immigration judge. ECF No. 1 at 5–6. Respondents argue that Petitioner is ineligible for release as an arriving alien under 8 U.S.C. § 1225(b).

## II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678,

687 (2001).

## III. Analysis

Petitioner was an applicant for admission when he presented at a port of entry on March 1, 2026. As indicated above, Petitioner attempted to re-enter the United States on March 1, 2026, through the Miami International Airport and was detained by ICE after inspection. Petitioner was granted LPR status on an unknown date prior to March 1, 2026. However, Petitioner has a prior conviction in Florida for cocaine possession, which is a violation of a state law related to a controlled substance. 21 U.S.C. §§ 802(6), 17(D), 812(c). Noncitizens convicted of violations of state law related to a controlled substance are inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). And noncitizens admitted for permanent residence in the United States are regarded as seeking admission into the United States if they have committed a prior controlled substance offense. 8 U.S.C. § 1101(a)(13)(C)(v).

As an applicant for admission, Petitioner is subject to detention under 8 U.S.C. § 1225(b), and is not eligible for release pending his individual hearing. Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

Petitioner also asks this Court to appoint counsel in his habeas action. ECF No. 4. Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, considering Petitioner's conviction for aggravated robbery, the Court finds that his detention is mandatory under 8 U.S.C. § 1226(c) and recommends his petition for habeas relief be denied. Accordingly, the interests of justice do not require appointment of counsel.

In accordance with the above, IT IS ORDERED as follows:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be DENIED; and
2. Petitioner's motion for appointment of counsel (ECF No. 4) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within FOURTEEN

days after being served with these findings and recommendations, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within FOURTEEN days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 23, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

23
Herr.7199.imm.F&R